[Civ. No. 5995. Third Appellate District.—April 7, 1938.]

VENTURA COUNTY TITLE COMPANY (a Corporation), Respondent, v. SABBAS CONSTANCE, Appellant.

Stanley T. Tomlinson for Appellant.

Rogers & Rogers and Merle J. Rogers for Respondent.

PULLEN, P. J.—In 1912, Constance, the defendant and appellant herein, as vendee, entered into a contract with one Catherine Flint, as vendor, to purchase certain real property in the city of Ventura.

In 1924, Constance, being in default on the contract, the vendor commenced an action to quiet title to the property. Subsequent to the filing of the action and before judgment, Constance negotiated a loan with the Ventura County Title Company to pay the Flint claim. The Title Company advanced some $2,600 for this purpose, which was obtained from Charles Bernard. In consideration of this loan Constance joined with Catherine Flint and executed and delivered a deed of the property to the Title Company, and at the same time he entered into an agreement which provided that upon the payment by him of the purchase price in instalments of not less than $75 a month with interest on the unpaid

balance, at the rate of 12 per cent per annum, the Title Company would reconvey the property to Constance.

Payments were made under this agreement from time to time, but with considerable irregularity, and after several years, during which time various street assessments and taxes had been paid by Bernard or the Title Company, an action was brought by the Title Company against Constance to quiet their title to the property.

To this complaint, the defendant answered, denying in general the allegations of the complaint and set up a cross-complaint alleging title in himself and an action for damages for the alleged destruction of property and loss of rents. The cause eventually came on for trial, wherein the court found against defendant in regard to his claim for damages, and found that the property had been removed with his knowledge and that no damage had been sustained thereby in any amount. The court further found that the deed in controversy, although absolute in form, was intended as security for the payment of the obligation of the defendant under the agreement of sale, and that plaintiff had been, since 1924, in the lawful possession of the property in question and has been vested with legal title thereto, subject only to the right of defendant to a transfer of the title and possession to him upon the payment by the defendant to plaintiff of $6,544.48, on or before January 2, 1936.

In accordance with these findings, and the conclusions of law based thereon, an interlocutory decree was made providing that in the event defendant paid to plaintiff the sum found due by the court, a final decree would be entered quieting title in defendant, but if not paid the final decree would quiet title in the plaintiff.

This appeal is presented upon a bill of exceptions, and we have before us only portions of the record, but the real point at issue seems to be the sufficiency of the accounting submitted by plaintiff. It appears, however, that application for the money to discharge the claim of Mrs. Flint was made in the first instance by appellant to Mr. Bernard. Bernard refused to make the loan, and appellant applied to the Ventura County Title Company as hereinbefore set out. A few payments were made to the Title Company by appellant, but apparently some misunderstanding arose, and thereafter payments were made to Mr. Bernard by appellant.

From the exhibits in the bill of exceptions in the form of letters written between the parties, there can be no doubt that Mr. Constance knew that some relationship existed between Bernard and the Title Company, and that it was in reality the money of Bernard he had received through the Title Company. For instance on March 2, 1925, a letter from the Title Company addressed to Mr. Constance acknowledged receipt of the sum of $100, which had been sent by Constance to Mr. Bernard to be credited upon the note. In a letter of March 7, 1926, the Title Company wrote to Constance that they had examined the statement rendered by Bernard to him in January, which it found to be correct. In September, 1926, Bernard wrote to Constance that, complying with the request made by Constance, he was reducing the rate of interest on the note to nine per cent. On several later occasions Bernard wrote to Constance demanding payment of his note and frequently stated to him that he wanted his money, and not the property itself. In the letters written by Constance to Bernard we find Constance frequently asking for itemized statements of his payments and for further time to pay the balance. This correspondence extended over a period of several years and although it was claimed by Constance that he made all of his checks payable to the Title Company, he did not produce the canceled checks, and the court found that the payments were made to Bernard and not to the corporation.

The objection is made by appellant that the court improperly overruled the objection of appellant to the accounting submitted by Bernard. It was and is the contention of appellant that the action was between the Ventura Title Company and himself, and that Bernard was a stranger to the transaction and was not in a position to render an accounting of the condition of the books of the Title Company with reference to the affairs of Constance.

It is true Bernard prepared the statement of account from his own books and not from the books of the Title Company, and that he was not an officer of the Title Company, but aside from the formal objection made to the admission of this accounting, no evidence was offered to show that the accounting was not a full, true and correct statement of the condition existing between Constance and the Title Company or between Constance and Bernard. It is apparent that all

the advances were made by Bernard to pay the taxes and assessments levied against the property, and these payments were paid to the account and for the benefit of appellant. In fact, practically all of the items appear in the accounting evidenced by the letters from Constance to Bernard, and offered in evidence by Constance.

The record also disclosed that appellant had failed to comply with the terms of the agreement which he himself pleaded in his cross-complaint, and that he paid nothing after July, 1928, the complaint in this matter having been filed in December, 1931.

Constance was entitled to a statement of the receipts and disbursements made upon his account, and this he apparently received. This statement has not been questioned by the plaintiff in this action, it having adopted the same, and if it is a true and correct statement, and nothing appears in the evidence to the contrary, appellant cannot complain as to who actually prepared the same.

This action, being equitable in its nature, the rules of equity apply, and until appellant showed that he was himself prepared to do equity he was not in a position to ask that he receive the benefit of those principles.

We do not find that appellant has been wronged in any way, either by the decree as entered by the court or by the approval of the accounting which the court found to be true and correct.

The judgment, therefore, should be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.